1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HELEN WATHAN, JAMES F. WATHAN, and as surviving heirs of JAMES WATHAN, JR., deceased,** | **CV F 07-0874 AWI DLB** |
| **Plaintiffs,** | **ORDER ON PLAINTIFFS' MOTION TO REMAND, DEFENDANTS' MOTION TO DISMISS OR STAY ACTION AND RELATED ORDERS** |
| **v.** | |
| **MERCED COUNTY SHERIFF, MARK N. PAZIN, MERCED COUNTY DEPUTY SHERIFFS WILLIAM BLAKE, JOHN McKNIGHT, and RUSS SHARROCK, AND DOES 6-100, Inclusive,** | **Documents  #'s 7 and  8** |
| **Defendants.** | |

This is a civil rights action for damages against defendants Merced County Sheriff, et al. ("Defendants") by the estate of James Wathan, Jr. and surviving heirs, plaintiffs Helen and James F. Wathan ("Plaintiffs").  This is the second of two actions, both of which were initially filed in Merced County Superior Court and subsequently removed by Defendants to this court.  The first of these actions, Wathan v. Pazin, et al., 05cv1609 ("Wathan I") was removed to this court from the Merced County Superior Court on December 9, 2005.  The instant case ("Wathan II") was also initially filed in Merced County Superior Court and removed to this court on June 18, 2007.  The currently operative pleading in this case is the First Amended Complaint ("FAC"), which was filed on June 26, 2007.  In the instant

motions, Plaintiffs have moved to remand the instant case and to stay further proceedings in Wathan I pending the resolution of Wathan II in state court.  Defendants Merced County Sheriff, Mark Pazin, and deputy sheriffs William Blake, John McKnight, and Russ Sharrock, and the County of Merced (collectively, "Defendants") oppose the motion to remand and move to dismiss the FAC as to all defendants on grounds the complaint is time-barred and duplicative of the action filed in Wathan I; or, in the alternative, to dismiss the FAC as to certain named Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons that follow, the court will Grant the motion to remand.

## PROCEDURAL HISTORY

Wathan I, which was removed to this court on December 9, 2005, alleged two claims for relief; the first being for violation of Decedent's rights under the Eighth Amendment, and the second for negligence under California common law.  The complaint named as defendants Merced County Sheriff Mark Pazin and Deputy Sheriffs William Blake, Doug Hays, Jon McKnight, and Russ Sharrock (the "individual Defendants").  The complaint in Wathan I did not name as defendants either the County of Merced or the Merced County Sheriffs Department.  On October 31, 2006, Defendants moved to dismiss the complaint on the ground of failure to prosecute and failure to obey an order of the court.  The court issued an order to show cause why the action should not be dismissed on January 24, 2007, after Plaintiffs failed to respond to Defendants' motion.  Plaintiffs' filed a response to Defendants' motion to dismiss on February 2, 2007, and the court subsequently denied Defendants' motion to dismiss for lack of prosecution or failure to follow an order of the court on February 28, 2007.

On April 5, 2007, Plaintiff moved to amend the complaint in Wathan I to allege a violation of substantive rights under the Fourteenth Amendment in place of Plaintiffs' Eighth Amendment claim for relief.  The proposed amended complaint did not add any new defendants. On April 20, 2007, Plaintiffs' attorney, John Bell, was replaced by Martin

2

Schmidt.  The motion to amend the complaint was continued.

On April 27, 2007, Defendants moved for summary judgment in Wathan I as to individual defendants Blake and Pazin only.  That motion was granted on June 8, 2007.

On May 25, 2007, while Defendants' motion for summary judgment in Wathan I was pending, the Magistrate Judge ordered Plaintiffs' motions to amend the complaint and a motion to modify the scheduling order off-calendar and subject to re-notice.  Although the minutes of the proceedings do not reflect the reason the motions were taken off-calendar, Defendants allege that Plaintiffs' attorney announced at the May 25 scheduling conference that Plaintiffs intended to file a suit based on the same incident in Merced County Superior Court.  This court presumes Plaintiffs' motions to amend the complaint and the scheduling order were taken off-calendar in anticipation of Plaintiffs' attempt to shift proceedings to the Superior Court.

Wathan II was filed in Merced County Superior Court on May 17, 2007.  The original complaint in Wathan II alleged a claim for relief pursuant to 42 U.S.C., section 1983 for violation of Decedent's Fourth, Eighth, and Fourteenth Amendment rights.  Additionally, the original complaint in Wathan II alleged claims for relief for negligence and negligent training and supervision.  The original complaint in Wathan II also named the County of Merced as an entity defendant.  The action was removed to this court on June 18, 2007.

A First Amended Complaint ("FAC")  was filed in Wathan I on June 21, 2007.  The filing of the FAC in Wathan I may have been inadvertent because the case number on the caption page of the complaint corresponds to the case number for Wathan II.  On June 26, 2007, the Magistrate Judge issued Findings and Recommendations, recommending that the FAC be struck from Wathan I because it was filed without leave of the court.  The same FAC was filed in Wathan II on June 26, 2007.  The FAC alleges a claim for relief for negligence, apparently under California common law, and a claim for failure to adequately train and supervise in violation of unspecified provisions of California statute and the California Constitution.

3

The instant motion to dismiss or stay the action in Wathan II was filed by Defendants on June 29, 2007.  On July 10, 2007, Plaintiffs filed a motion to remand.  Wathan I and Wathan II were related by order of the court on July 10, 2007.  Plaintiffs' opposition to the motion to dismiss was filed on July 20, 2007.  Defendants' opposition to Plaintiffs' motion to remand was filed on August 7, 2007.  Plaintiffs' filed a reply to Defendants' opposition to the motion to remand on August 16, 2007.  Hearing on Plaintiffs' motion to remand and on Defendants' motion to dismiss was held on September 10, 2007.  At the hearing, the court took the matter under submission and granted the parties opportunity to file additional briefing by September 24, 2007.  Plaintiffs filed additional briefing on September 24, 2007.  Defendants filed an opposition to Plaintiff's additional briefing on September 28, 2007.

## FACTUAL BACKGROUND

The factual background of this case was set forth in the court's memorandum opinion and order dismissing individual defendants Blake and Pazin in Wathan I.  Pertinent to this discussion the court set forth the following undisputed facts:

> At approximately 8:00 to 8:30 p.m., on April 3, 2005, Plaintiff James Wathan called the Merced County Sheriff's Department for assistance because his son, James Wathan, Jr., had come into Plaintiff's house and refused to leave.  James Wathan called the Sheriff's department because he did not think that he was going to be able to get Decedent out of the house.  James Wathan also formed the impression that Decedent had been drinking and James Wathan considered the possibility that Decedent had been using drugs.

> Defendants Hays, McKnight and Sharrock, all employed as deputy sheriffs with theMerced County Sheriff's Department, responded to Plaintiffs' residence as a result of James Wathan's call.  While in route, dispatch advised that there were active warrants for Decedent's arrest.  After arriving at Plaintiff's residence and making contact with James Wathan, the Defendant deputies attempted to place Decedent into custody.  There ensued a physical confrontation between Defendant deputies and Decedent.  During the confrontation, Livingston Police Officer Anthony Crain arrived and assisted the Defendant deputies.  At sometime after Officer Crain arrived, the defendant deputies realized Decedent was no longer breathing.  Decedent ultimately expired at the scene.

Although the FAC in the instant action is noticeably short on factual specificity, it was previously established in the court's memorandum opinion and order in Wathan I that individual Defendants Pazin and Blake were not present during the events that resulted in

4

Decedent's death and that Pazin and Blake had no direct role in, or immediate knowledge of, Decedent's death.

<b>LEGAL STANDARD</b>

The issues involved in this case requires the court to consider whether Wathan II is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and whether Wathan II, as amended, should be remanded to state court.

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th  Cir.1981).

With respect to a motion to remand,  section 1447(c) of Title 28 of the United States Code provides, in pertinent part:

> A motion to remand the case of the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Thus, "[i]f a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." ARCO Envtl. Remediation v. Dep't of

5

Health & Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).  However, if the district court has subject matter jurisdiction over the removed case, the district court may, in its discretion, remand the case to the state court for resolution of pendant state claims upon consideration of the same factors that the court would consider in deciding to exercise or not exercise pendent (supplemental) jurisdiction.  Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988) ("Cohill").  Those factors, as set forth in Mine Workers v. Gibbs, 383 U.S. 715 (1966), include considerations of judicial economy, convenience, fairness, and comity.  Cohill, 484 U.S. at 350.

## DISCUSSION

Before the court are two separate but intertwined sets of motions.  Plaintiffs seek to remand Wathan II to the state court.  Defendants seek to dismiss Wathan II, either on the ground the action in Wathan II is time-barred, or on the ground it is duplicative of the action in Wathan I.  In the alternative, Defendants seek to dismiss the action with respect to certain named Defendants on the ground of failure to state a claim and/or to stay proceedings in Wathan II.  The court will first determine if the action in Wathan II is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground the action is time-barred or because it is duplicative of the action in Wathan I.  The court will then address Plaintiffs' motion to remand.  The court will not reach Defendants motions in the alternative to dismiss individual Defendants or stay the case.

**I. The California Common Law Claim in Wathan II is Not Time-Barred**

Defendants correctly contend the statute of limitations for general personal injury actions in California is two years pursuant to section 335.1 of the California Code of Civil Procedure.  The parties agree that Plaintiffs' cause of action accrued on April 3, 2005. Wathan II was filed in Merced County Superior Court on May 17, 2007.  Therefore, absent tolling, the case in Wathan II was filed beyond the statute of limitations governing California actions for Plaintiffs' personal injury claims.

Section 1367(d) of Title 28 of the United State Code provides that any state law claim

over which a district court exercises pendant jurisdiction "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." § 1367(d); Okoro v. City of Oakland, 142 Cal.App.4th 306, 310-311 (1st Dist. 2006).  For purposes of tolling, California courts consider tolling commenced at the time the federal case is filed and consider the statute of limitations to recommence running as of the date final judgment is entered.  Id. at 311-312.

California courts may also apply equitable tolling to "stop[ ] the statute of limitations from expiring when a plaintiff has remedies in addition to state court. [Citation.] Equitable tolling has three elements. [Citations.] First, timely notice to the defendant of the claim within the statutory period; ordinarily such notice occurs when the plaintiff files in the other forum.  Second, lack of prejudice to the defendant in gathering and preserving evidence for its defense.  And, third, the plaintiff's reasonableness and good faith in pursuing the claim in another forum."  Mojica v. 4311 Wilshire, LLC, 131 Cal.App.4th 1069, 1073 (2nd Dist. 2005).

Plaintiffs' pendant state law claims, to the extent such claims were alleged in Wathan I, were tolled upon removal of Wathan I to this court pursuant to 28 U.S.C., section 1367(d).  Thus, at minimum, Plaintiff's negligence claim in Wathan II is not time barred by the statute of limitations because it was asserted in Wathan I within the applicable two-year time limit.

It is not clear whether Plaintiffs' claim for failure to train and supervise in violation of the California Constitution is time-barred because the FAC fails to specify what provision of the California Constitution was violated.  Thus, while Plaintiffs' constitutional claim may be dismissed as inadequately pled, a properly pled claim for violation of the California Constitution *may* be subject to equitable tolling in a California court if the court holds the complaint in Wathan I provided adequate notice of a claim that was the functional equivalent under California law to Plaintiff's claim pursuant to 42 U.S.C., section 1983.

The issue here is the court's concern that unfairness would result if the court were to require Defendants to go to state court to procure a dismissal that would be required by

7

simple application of clearly applicable California law.  Thus, the only consideration for the present discussion is whether dismissal of Plaintiffs' complaint is *clearly required* under California law with respect to both claims in the FAC.  It is sufficient for present purposes that the answer to that question is clearly "no."

Defendants' alternative argument that the claims in Wathan II are time-barred under the California Tort Claims Act has similar problems.  The California Tort Claims Act requires that a claim for money damages against a public entity must be presented to the public *entity* and, upon denial of the claim by the public entity, an action must be filed within six months.  California Government Code, sections 945.4, 945.6; Bonifield v. County of Nevada, 94 Cal.App.4th 298, 302 (3rd Dist. 2001).

As has been observed by the court, Plaintiffs' complaint in Wathan I and the initial complaint in Wathan II did not name any entity defendant; whether the County of Merced or the Merced County Sheriffs Department.  Thus Wathan I and the original complaint in Wathan II did not fall within the confines of the Tort Claim Act because there was no entity defendant.  Thus, to the extent the issue is whether Plaintiffs' claim for negligence against the individual defendants is time-barred, the Tort Claims Act does not appear to apply and the only issue is whether Wathan I was filed within the 2-year limitations period.  As previously observed, Wathan I was filed within this time period and any statute of limitations with respect to Wathan II is tolled pending final judgment in Wathan I.

Not withstanding this apparent oversight in Wathan I that resulted in the omission of the County of Merced as an entity defendant, Defendants note that Plaintiffs alleged they filed a claim for money damages with Merced County Risk Management on September 9, 2005, and that claim was rejected by the department on March 3, 2006.  Because Wathan I was removed to this court on December 9, 2005, which was prior to the rejection of the claim by the Risk Management Department, the action in Wathan I is deemed filed  within the time limits imposed by the Tort Claims Act.  California Government Code, section 905 et seq.

This court's review of California authority indicates the tolling provisions of 28

U.S.C., section 1367(d) apply equally to all statutes of limitations imposed by state law, including limitations imposed by the Tort Claims Act.  See Bonifeld, 94 Cal.App.4th at 303-304 (applying tolling provision of section 1367(d) to state claim raised under the tort claims act).  Thus, to the extent compliance with the Tort Claims Act is required for any state claims alleged in Wathan I, the running of the 6-month statute of limitations has been tolled as of the date of removal of Wathan I to this court and continues to run as of the present.  Therefore, state claims that were raised in Wathan I, including at least the claim of negligence against the individual Defendants, is not time-barred in Wathan II by operation of the California Tort Claims Act.

There remains a question of whether a court applying the California doctrine of equitable tolling would permit the amendment of the complaint in Wathan II to include an entity defendant that was not named in Wathan I, or to assert a claim under the California Constitution that was similarly not raised in Wathan I.  While neither party has given much consideration to this issue, the court is not inclined to take it upon itself to make the determination that equitable tolling under California law would not be applicable in this case. It is clear that the County has had timely notice of Plaintiff's claims, at least as to the individual defendant, and probably should have been aware that a properly plead complaint would have named an entity defendant under the facts of this case.  There is no apparent prejudice to the County in obtaining and preserving evidence in its defense, and, whatever shortcomings Plaintiffs' attorney may otherwise have had, it is clear that Plaintiffs' attorney has strived consistently, if not effectively, to litigate this case in the state forum.  Thus, in the context of the instant motion to dismiss, this court cannot determine as a matter of law that   a court applying California law would not apply equitable tolling to allow Plaintiffs to add the County as a defendant when such an amendment would otherwise be time barred.

As something of an aside, the court notes that while the foregoing issue involves a fairly esoteric doctrine of California law; it is an issue that may have relatively little practical impact.  Whether or not County of Merced is added as a defendant, it is nonetheless required

that the County of Merced indemnify and defend the individual Defendants upon their request.  California Government Code, section 825.  Thus, whether or not Plaintiffs are allowed to add the County of Merced as an entity defendant party may matter little in terms of the county's exposure to liability since the County is the final guarantor of any liability that arises out of this action.

 In view of the foregoing, the court the court must conclude that the individual Defendants are not entitled to dismissal of the action in Wathan II on the ground the action is time barred under any statutes of limitation.  Remand would therefore not unfairly deprive the individual Defendants of a timely conclusion of that case as to at least Plaintiffs' negligence claims.  The amendment of Plaintiffs' claims in Wathan II to include the County of Merced and to include the California constitutional claim involve consideration of fairly esoteric California law that is best left to a California court.

## II.  Duplication of Action by Wathan II

Defendants contend the instant case, Wathan II, should be dismissed in its entirety because it duplicates the action in Wathan I.  Defendants cite Adams v. California Dep't Health Serv., 487 F.3d 684 (9 Cir. 2007).  In Adams, the court observed that the plaintiff "filed her present [i.e. subsequent] complaint in an attempt to circumvent the district court's denial of her untimely motion for leave to amend her first complaint."  Id. at 688.  The factual similarity between Adams and the present case is *nearly* complete in that here, as in Adams, the subsequent case is an attempt to circumvent actual or perceived barriers to the desired amendment of the complaint that are erected as a result of the plaintiff's lack of effective pleading in the first instance.  As the court in Adams observed, "'the fact that the plaintiff was denied leave to amend does not give h[er] the right to file a second lawsuit based on the same facts.' [Citation.] Plaintiffs generally have ' no right to maintain two separate actions involving the same subject matter at the same time *in the same court* and against the same defendant.' [Citation.]" Id. (italics added) (quoting Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp., 296 F.3d 982, 989 (10th Cir. 2002); and Walton v. Eaton Corp., 563 F.2d

66, 70-71 (3d Cir. 1977)).

Plaintiffs contend Wathan II is not duplicative of Wathan I because it adds a new party (the County of Merced), asserts a new claim (improper training and supervision), and deletes a claim (the 1983 claim).  The issue is not settled, however, by the cosmetics of how the claims for relief are framed.  Four criteria are applied to determine if a subsequent action is duplicative of a prior action.  Those criteria are:  "(1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. [Citation.] 'The last of these criteria is the most important.'" Adams, 487 F.3d at 689 (citing and quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

Very clearly, both Wathan I and Wathan II involve the same evidence and the same transactional nucleus of facts.  Both actions allege liability based on the acts of the responding individual sheriff deputy Defendants in subduing Decedent, and based on the management and supervision of the responding sheriff deputies by sheriff Pazin and deputy Blake.  Although Wathan I erroneously invoked Decedent's rights under the Eighth Amendment, both cases involve rights of individuals against excessive force and wrongful death.  Finally, judgment in Wathan II would definitely impair rights established in Wathan I in that the core of liability in both cases rests on a finding of wrongful or negligent application of force.  Thus, judgment on that issue in one case would be substantially determinative of the liability of the parties in the other.

The facts of the present case fit neatly into the facts of Adams with one exception.  In Adams, the second action was filed originally in the same court as the first action and there was no motion for remand at issue.  Here, Wathan II was filed in state court and would have stayed there but for the fact that Wathan II (perhaps improvidently) included the same federal 1983 claim that was the basis of removal in Wathan I.  This distinction in facts between

11

<u>Adams</u> and the instant case is significant.  In a case from the Northern District of California, the court observed that the doctrine against claim splitting "does not forbid a plaintiff from proceeding on the same cause of action in two different courts of concurrent jurisdiction at the same time, if jurisdiction is in personam."  <u>Walton v. UTV of San Francisco, Inc.</u>, 776 F.Supp.1399, 1400 (N.D. Cal.  1991) ("<u>Walton</u>").  In <u>Walton</u>, the plaintiff filed an action containing both federal and state claims in the district court.  The District court declined jurisdiction over the pendent state law claims and dismissed the state claims.  The plaintiff then filed an action in state court alleging the dismissed state law claims and also alleging the federal claim that was pending in the federal court.  <u>Id.</u> at 1400-1401.

The court in <u>Walton</u> observed "[p]laintiff appears to have the right to file the entire action, including the duplicative federal claim, in the state court.  The question here is whether the removal [of the second-filed case] is proper, when removal is based on a federal claim that is already before this court."  <u>Id.</u> at 1401.  The court later concluded:

> By "removing" the [federal] claim to this court, defendants were bringing no new business on that claim before the court.  Defendants were merely seeking to prevent the state court from acting on the claim to preserve their right to a federal forum for a federal claim.  Defendants' proper remedy was to request that the state court stay the [federal] claim in [the second-filed case in the state court].  [Citation.] ¶ This conclusion is supported by practical considerations.  Any other course of action would permit an endless series of filings and removals, defeating both this court's determination of its supplemental jurisdiction and the state courts' ability to deal with the claims properly before them.

<u>Id.</u> at 1403.

At the hearing held on September 10, 2007 to consider Plaintiffs' motion to remand and on Defendants' motion to dismiss, the court raised the question of whether Plaintiffs' were entitled to maintain a parallel proceeding in state court on state claims.  The parties were invited to submit further briefing, particularly on the issues raised by <u>Walton</u>.  Defendants' further briefing seeks to distinguish <u>Walton</u> from Wathan II on factual grounds.  First, as Defendants point out, the district court in <u>Walton</u> declined to extend supplemental (pendant) jurisdiction over the state law claims that were pled in addition to the federal claim.

Here, in contrast, the court has, to this point, continued to exercise jurisdiction over Plaintiffs' supplemental state law claims.  Second, Defendants point to what are essentially equitable considerations that distinguish Walton from the present case.  Specifically, Defendants point out that the plaintiff in Walton filed the parallel state action within a few months of the filing in the district court, whereas Wathan II was filed a year-and-a-half after Wathan I was filed in state court and removed to this court.  Further, as Defendants point out, considerable time and energy has gone into discovery and preliminary proceedings in this case, whereas in Walton, the parallel state action was filed before much time was invested in the federal action.

Defendants arguments overlook a key aspect of the Walton case.  The ability of a plaintiff to maintain a parallel action in state court on state claims that arise from the same facts or transactions that are the subject of a federal proceeding is a matter of right that may not normally be restrained on the basis of equitable considerations.  The Anti-injunction act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

The Anti-injunction Act applies broadly and "creates a presumption in favor of permitting parallel actions in state and federal court. [Citation.]" Bennett v. Medtronic, Inc., 285 F.3d 801, 804-805 (9th Cir. 2002).  Where the basis of jurisdiction is solely in personam, a federal court may enjoin proceedings in a state court "only where the state court proceeding threatens to 'render the exercise of the federal court's jurisdiction nugatory.' [Citation.]" Id. at 806.  Such a threat exists in "only very limited circumstances" where there is no res involved.  See id. (listing exceptional cases not applicable here).  The state claims in Wathan II, were they to be brought in the state court, do not fall within the narrow exception that would allow this court to enjoin the state court proceedings.

13

From a practical standpoint, Defendants' opposition to Plaintiffs' motion to remand Wathan II is close to an exercise in futility.  Because Plaintiffs' state law claims as set forth in Wathan I (or as amendment may be permitted by the state court) are not time-barred, Defendants cannot prevent Plaintiffs from filing and maintaining an action in state court based on those state law claims, equitable considerations to the contrary notwithstanding. Thus, it is difficult to see that Defendants would be materially disadvantaged by the remand of Wathan II to state court as opposed to the dismissal of Wathan II as duplicative.  If this court were to dismiss Wathan II, Plaintiffs could proceed forthwith to state court to file whatever state claims they feel they can maintain there.  On the other hand, if this court were to remand Wathan II to state court, Defendants would have the benefit of being prepared to launch whatever defensive motions they deem prudent while Plaintiffs would be forced to defend the FAC with whatever pleading deficiencies it now contains.

Walton does not hold that removal of a case on the ground of federal question jurisdiction is jurisdictionally improper, but rather it suggests that such removal is imprudent. Thus, while Wathan II is clearly duplicative of Wathan I, and would therefore be subject to dismissal pursuant to Adams were the case originally filed in this court, the fact that it was originally filed in state court lends weight to the argument that the removal was imprudent and the case should be returned to the state court rather than dismissed as duplicative.

### III.  Remand

While courts have recognized that the issue of whether a court must grant a motion to remand when only state law claims remain may be somewhat unsettled as between the various circuits, see, e.g., Gonzalez v. City of Mesa, 779 F.Supp.1050, 1052 (D. Ariz. 1991) (recognizing contrary holding from Northern District of Illinois), in this circuit it is settled that federal question jurisdiction for purposes of the removal statute is "analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1212 (9th Cir, 1998); see also O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1379 (9th Cir. 1988) (to

determine the existence of removal jurisdiction the court looks to the complaint as of the time the petition to remove was filed). Courts of this circuit have consistently held that subject matter jurisdiction that existed at the time of removal cannot be defeated by later amendment of the complaint to delete all referenced to federal claims. See, e.g., Gonzalez, 779 F.Supp. at 1052; DeCordova v. Pacific Point Funding, Inc., 2007 WL 2390408 (E.D. Cal. 2007) at *1.

There is no question that the complaint in Wathan II stated a claim under 42 U.S.C., section 1983 at the time the case was removed. Thus, federal question jurisdiction existed at the time of removal pursuant to 28 U.S.C., section 1331. Because federal question jurisdiction existed at the time of removal, the removal was jurisdictionally proper and the court retains supplemental jurisdiction over the action even though later amendment of the complaint deleted the 1983 claim. Remand is therefore not mandatory. Pursuant to Cohill, the court's authority to remand is discretionary and the court must consider Plaintiffs' motion to remand in light of the factors set forth in Gibbs.

Turning to the Gibbs factors, judicial economy does not weigh heavily in either direction. Discovery is concluded, so far as the court is aware, and the facts developed through discovery are equally applicable to any state proceeding as they are in this court. The court therefore concludes there is little if any additional strain on judicial resources by the prosecution of Plaintiffs' state law claims in state court. Further, any outstanding dispositive motions could be considered by the state court as well as by this court. There is not enough information to determine if convenience weighs heavily in either direction, although the court may reasonably assume convenience is served where a case is tried in the forum closest to the parties.

Issues of fairness have been discussed. While Defendants emphasize the unfairness of requiring them to defend an entirely separate action in state court that arises from the same facts and transactions, the court finds there is little actual unfairness. Plaintiffs are entitled to maintain the separate state action and the court has found that the remand of Wathan II to the state court does not disadvantage Defendants to any greater extent than dismissal of Wathan

15

II would because Defendants will be forced to defend state claims against them in state court in either case. The right that Defendants have to defend federal claims against them in federal court is secured by Wathan I. The remand of Wathan II would in no way interfere with that right. Conversely, the Walton case lends weight to the proposition that denial of remand would unfairly impinge on Plaintiffs' right to a state forum for her state claims to the extent those claims are not precluded by *res judicata* or collateral estoppel.

As discussed above, the facts of this case appear to give rise to issues pertaining to the applicability of the doctrine of equitable tolling under California law as to Plaintiffs' efforts to amend the complaint. It is this court's opinion that equitable tolling is a fairly esoteric doctrine that is particular to California law and considerations of comity weigh strongly in favor of letting the California court decide the issues that arise under that doctrine.

The court finds the Gibbs factors weigh substantially in favor of remand of Wathan II. While the request for remand may seem to smack of forum shopping, available authority makes it clear that a plaintiff does not engage in impermissible forum shopping where he/she amends a case to remove federal claims or files parallel proceedings in state court in order to preserve the right to litigate in state court those claims that are not precluded by the proceeding in the federal court.   Walton, 776 F.Supp.at 1401; Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995) (filing federal claims in state court and dismissing those claims following removal so as to facilitate remand is a legitimate strategy). As discussed above, Plaintiffs' filing of the parallel state action in Wathan II and dismissal of the federal claim from that case through amendment of the complaint was not improper. Wathan II, having been removed and subsequently amended to delete the federal 1983 claim, should now be remanded.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that:

1.    Defendants' motion to dismiss the action in Wathan II on the ground the action is time-barred by either the California general statute of limitations for tort actions or by the California Tort Claims Act is DENIED.

2.    Defendants' motion to dismiss the action in Wathan II as duplicative of the action in Wathan I is DENIED as MOOT.

3.    Defendants motions to dismiss individual Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby DENIED without prejudice.

4.    Plaintiffs' motion to remand is hereby GRANTED.


IT IS SO ORDERED.

**Dated:    November 19, 2007           /s/ Anthony W. Ishii**
                                UNITED STATES DISTRICT JUDGE